UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 8:25-02176-MRA-KES | Date | February 4, 2026 |
|---|---|---|---|
| Title | *Dingyingzi Wang v. Joseph B. Edlow et al.* | | |

| Present: The Honorable | MONICA RAMIREZ ALMADANI, UNITED STATES DISTRICT JUDGE |
|---|---|

| Priscilla Deason for Melissa H. Kunig | None Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None Present | None Present |

**Proceedings:** **(IN CHAMBERS) ORDER TO SHOW CAUSE WHY DEFAULT SHOULD BE ENTERED**

On December 18, 2025, Plaintiff Dingyingzi Wang ("Plaintiff") requested entry of default against Defendants Joseph B. Edlow, Kristi Noem, and Pamela Bondi ("Defendants") in their official capacities, on the grounds that Defendants had failed to file a responsive pleading by the deadline of December 1, 2025 asserted by Plaintiff. ECF 12. On January 8, 2026, the Court entered a Notice of Deficiency regarding this request for entry on the grounds that the Clerk is not authorized to process default against the United States, and Plaintiff was informed that the request had been forwarded to the assigned Judge. ECF 13. On January 21, 2026, Plaintiff filed an Application for Default Judgment ("Application"), ECF 14, which was stricken by the Court because a party may not move for default judgment under Federal Rule of Civil Procedure 55 until the request for entry of default, which remained under review by the Court, has been granted, ECF 15.

Plaintiff's Complaint requests declaratory and injunctive relief compelling Defendants to adjudicate Plaintiff's forms I-526E and I-485. ECF 1 ¶¶ 56, 62. Per Plaintiff's stricken Application, as of the time of filing the Application, USCIS had approved Plaintiff's I-526E. ECF 14 at 8. Regarding form I-485, the government had requested additional evidence as of January 14, 2026. *Id.* Plaintiff asserts in the Application that the requested evidence had been sent and was due to arrive on January 22, 2026. *Id.* at 9.

To determine if default should be entered, the Court **ORDERS** Plaintiff to provide a further update on the status of his applications within **21 days** of this Order. The Court is guided by the law that governs default judgments against the United States, its officers, or its agencies. A default judgment against such parties may be entered only if the party seeking default judgment "establishes a claim or right to relief by evidence that satisfies the court." Fed. R. Civ. Proc. Rule 55(d). Given this standard, and the preference for disposition of claims on the merits, default

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | 8:25-02176-MRA-KES | Date | February 4, 2026 |
|---|---|---|---|
| Title | *Dingyingzi Wang v. Joseph B. Edlow et al.* | | |

judgment against the United States is generally disfavored.  *See George v. I.R.S.,* 344 Fed. App'x. 309, 311 (9th Cir. 2009) ("Rule 55(d) requires 'district courts to reach the merits of a plaintiff's claim before entering a default judgment against the government'") (quoting *Moore v. United Kingdom,* 384 F.3d 1079, 1090 n.16 (9th Cir. 2004)); *D.D. v. Martini,* 2023 WL 11950678, *2-3 (C.D. Cal. Feb. 13, 2023) (finding even if entry of default appropriate, Plaintiff had failed to satisfy Rule 55(d) burden); *Johnson v. United States,* 2013 WL 5946961, *1 (N.D. Cal. Nov. 5, 2013) ("[E]ven if . . . the Clerk had entered default, the Court would have set the default aside because the Court would not enter default judgment against the United States . . . . Federal Rules of Civil Procedure favors a disposition on the merits and that Plaintiff had not established a right to relief by evidence that satisfied the Court.").

**IT IS SO ORDERED.**

_____ : _____

Initials of Deputy Clerk        pd/mku